**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **THE NOCO COMPANY** ) | |
| 30339 DIAMOND PARKWAY, #102 ) | |
| GLENWILLOW, OHIO 44139 ) | CASE NO: |
| ) | |
| Plaintiff, ) | JUDGE: |
| v. ) | |
| ) | |
| **OJCOMMERCE, LLC** ) | |
| C/O JACOB WEISS, REGISTERED AGENT ) | |
| 11651 INTERCHANGE CIRCLE SOUTH ) | |
| MIRAMAR, FLORIDA  33025 ) | |
| ) | |
| and ) | |
| ) | |
| **OJCOMMERCE.COM, INC.** ) | |
| C/O JACOB WEISS, REGISTERED AGENT ) | |
| 11651 INTERCHANGE CIRCLE SOUTH ) | |
| MIRAMAR, FLORIDA  33025 ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT
(JURY DEMAND ENDORSED HEREIN)**

---

Plaintiff The NOCO Company d/b/a NOCO ("***Plaintiff***") by and through counsel,

and for its Complaint against Defendants OJCommerce, LLC and OJCommerce.com,

Inc. ("***Defendants***"), states as follows:

**INTRODUCTION**

1.      Defendants are engaged in the unauthorized sale of products distributed

by, and willfully infringing upon the intellectual property of, Plaintiff. These

unauthorized sales and infringing activities are illegal, have harmed, and will continue

to harm Plaintiff.

## PARTIES

2.     Plaintiff designs, manufactures, and sells battery chargers, portable power devices, and related battery products and accessories (collectively, the "***Products***").

3.     Defendants are selling the Products and using Plaintiff's proprietary intellectual property in connection with such sales without the authority or consent of Plaintiff.

## JURISDICTION/VENUE

4.     This Court has jurisdiction pursuant to 28 U.S.C. § 1338.

5.     Pursuant to Ohio Revised Code Section 2307.382, this Court has personal jurisdiction over Defendants because Defendants have caused tortious injury in the State of Ohio.

6.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## BACKGROUND

### *Plaintiff's Business*

7.     Plaintiff sells the Products on its website (https://no.co/), to wholesalers and authorized resellers (each, a "***Reseller***" and together, "***Resellers***"), and through online stores such as Amazon and OJCommerce.

8.     When Plaintiff sells to Resellers it enters into contracts with such sellers ("***Reseller Agreements***").

9.     Resellers may only sell the Products pursuant to a Reseller Agreement.

10.     Plaintiff uses Reseller Agreements in order to promote fair competition between Resellers and to protect its brand, its goodwill, and its valuable intellectual

property, including its proprietary images, designs, and content ("***Copyrights***") and the registered trademarks, including the trademarks NOCO® and NOCO GENIUS® ("***Trademarks***").

11.     The Reseller Agreements limit Resellers' use of the Copyrights and Trademarks to avoid brand dilution, tarnishment, and confusion as to the origin of the Products. An example of such an agreement is attached as Exhibit A.

12.     The Reseller Agreements only permit sales of the Products to retail consumers and expressly prohibit bulk sales or sales to wholesalers. *See* Exh. A.

13.     The Reseller Agreements also specify that any warranties associated with the Products are only valid when sold by Resellers. *Id.*

### ***Defendants Begin Selling the Products Without Authorization***

14.     At least since May 27, 2018, Plaintiff has been aware, and has so notified Defendants, that Defendants were selling the Products and using Plaintiff's Copyrights and Trademarks without authorization and without Plaintiff's consent.

15.     Defendants sell the Products online on www.amazon.com using the Amazon storefront OJCommerce and on the website www.ojcommerce.com, and possibly other websites. Examples of Defendants' sales are attached as Exhibits B and C.

16.     Upon information and belief, Defendants purchase the Products from Resellers.

17.     Upon information and belief, the Resellers from which Defendants purchase the Products have Reseller Agreements with Plaintiff.

18.     Upon information and belief, Defendants induce Resellers to sell the Products to Defendants in bulk for the purpose of resale.

19.     Upon information and belief, as of the date of this filing, Defendants continue to violate Plaintiff's contractual and intellectual property rights.

### *Plaintiff Demands Defendants Cease Selling the Products*

20.     On May 29, 2018, undersigned counsel sent a letter informing Defendants that they were, *inter alia*, selling the Products without authorization and that such sales violated Plaintiff's rights in the Copyrights and the Trademarks (the "***Letter***"). The Letter is attached as Exhibit D.

21.     The Letter also put Defendants on notice of Plaintiff's claims, and requested that Defendants cease such conduct immediately.

22.     As of the date of this filing, Defendants have failed to cease selling the Products and continues to violate Plaintiff's rights.

23.     Defendants' continued use of the Copyrights and Trademarks after receiving the Letter willfully infringes on Plaintiff's rights in the Copyrights and Trademarks.

### Count One
### Declaratory Judgment/Injunctive Relief

24.     Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

25.     An actual and justiciable controversy exists between Plaintiff and Defendants related to whether Defendants have the right to sell the Products without Plaintiff's consent and in violation of Plaintiff's rights in the Trademarks.

26.     The Court, pursuant to O.R.C. § 2721.03 and Fed. R. Civ. P. 57, should declare that Defendants have no right or authorization to sell the Products, or use the Trademarks, as these actions have harmed and continue to harm Plaintiff in an amount to be determined at trial.

27.     The Court should further declare that the Letter gave Defendants actual notice that they were not authorized to use the Trademarks, and that Defendant's continued willfull use violates Plaintiff's rights in the Trademarks.

28.     Such a declaration is proper, pursuant to O.R.C. §§ 2721.03 and 2721.06, because it would "terminate the controversy between the parties" and "remove an uncertainty" with respect to this issue.

29.     Additionally, the Court should enjoin Defendants from any further sales of the Products and use of the Trademarks.

### Count Two
### Unfair Competition

30.     Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

31.     Defendants' actions, including, but not limited to, its unauthorized sale of the Products and its unauthorized use of the Trademarks constitute unfair competition.

32.     Defendants' actions have damaged Plaintiff in the form of, *inter alia*, lost sales, interference with prospective business relationships, trademark infringement, trademark dilution, tarnishment, and copyright infringement.

33.     As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## Count Three
### Tortious Interference with Contract

34.     Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

35.     The Reseller Agreements are valid binding contracts between Plaintiff and each Reseller.

36.     At least since receiving the Letter, Defendants have been aware of these contracts and the prohibition against bulk sales to unauthorized resellers.

37.     Despite this knowledge, Defendants induced such Reseller to sell the Products to Defendants in breach of the Reseller Agreement.

38.     Defendants improperly interfered with Plaintiff's contractual relationships with its Resellers.

39.     As a direct and proximate cause of Defendants' interference, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## Count Four
### Trademark Infringement (15 U.S.C. § 1114)

40.     Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

41.     Plaintiff is the owner of the Trademarks (e.g. NOCO® and NOCO GENIUS®).

42.     Defendants use the Trademarks in connection with its sale of the Products without Plaintiff's authorization or consent.

43.     Defendants' use of the Trademarks is likely to cause confusion among consumers as to the source and origin of the Products.

44.     Plaintiff informed Defendants that their sales of the Products infringed on Plaintiff's rights in the Trademarks.

45.     Defendants' continued use of the Trademarks constitutes willful trademark infringement pursuant to 15 U.S.C. § 1114.

46.     As a result, Plaintiff has suffered damages and will continue to suffer damages in an amount to be proven at trial.

<u>**Count Five**</u>
**Trademark Dilution (15 U.S.C. § 1125)**

47.     Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

48.     The Trademarks are well known and distinctive within the battery and chargeable battery industry.

49.     Defendants' use of the Trademarks is causing the willful dilution of the Trademarks by blurring and tarnishing the reputation and goodwill associated with the Trademarks in violation of 15 U.S.C. § 1125(c).

50.     As a result, Plaintiff has suffered damages and will continue to suffer damages in an amount to be proven at trial.

<u>**Count Six**</u>
**Ohio Deceptive Trade Practices (O.R.C. § 4165.02)**

51.     Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

52.     Defendants' unauthorized use of the Trademarks is likely to cause confusion as to the source of the Products in violation of O.R.C. § 4165.02(A)(2).

53.     Defendants' unauthorized use of the Trademarks creates the

misperception that Defendants and Plaintiff are affiliated, which violates O.R.C. §

4165.02(A)(3).

54.     As a result, Plaintiff has suffered damages and will continue to suffer

damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment as follows:

A.     As to Count One, a declaratory judgment declaring that Defendants are
unauthorized to sell the Products and is willfully violating Plaintiff's rights in the
Trademarks, and permanently enjoin Defendants from any further sales of the
Products;

B.     As to Count Two, award compensatory damages in an amount to be
determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge
Defendants of the proceeds from its unauthorized sales of the Products, and
permanently enjoin Defendants from unfairly competing with Plaintiff by further
selling the Products;

C.     As to Count Three, award compensatory damages in an amount to be
determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge
Defendants of the proceeds from its unauthorized sales of the Products, and
permanently enjoin Defendants from interfering with Plaintiff's contractual
relationships with its Resellers by further selling the Products;

D.     As to Count Four, pursuant to 15 U.S.C. § 1117(a), award Plaintiff up to
three times its actual and compensatory damages to be determined at trial, which
exceed $25,000, as well as Plaintiff's attorney fees and costs, disgorge Defendants of all
proceeds from its unauthorized sales of the Products, and permanently enjoin
Defendants from using, and consequently willfully infringing on, the Trademarks;

E.     As to Count Five, pursuant to 15 U.S.C. § 1117(a), award Plaintiff up to
three times its actual and compensatory damages to be determined at trial, which
exceed $25,000, as well as Plaintiff's attorney fees and costs, disgorge Defendants of all
proceeds from its unauthorized sales of the Products, and permanently enjoin
Defendants from using, and consequently willfully infringing on, the Trademarks; and

F.     As to Count Six, award compensatory damages in an amount to be
determined at trial, but in excess of $25,000, as well as attorney fees and costs, disgorge
Defendants of their profits from all unauthorized sales of the Products, and
permanently enjoin Defendants from selling the Products in violation of O.R.C. §
4165.02.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*

JON J. PINNEY (0072761)
SEAN P. MALONE (0076353)
DAVID R. POSTERARO (0024661)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114
Phone: 216-696-8700
Fax: 216-621-6536
Email: jjp@kjk.com; spm@kjk.com;
drp@kjk.com

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury pursuant to Fed. R. Civ. P. 38.

*/s/ Jon J. Pinney*

JON J. PINNEY