

Sean Malone | Associate

Direct:216.736.7237 | spm@kjk.com

One Cleveland Center | 1375 East Ninth Street
29th Floor | Cleveland, Ohio 44114-1793

Main: 216.696.8700 | Toll-free: 888.696.8700 | Fax: 216.621.6536

May 29, 2018

**VIA EMAIL AND CERTIFIED MAIL [dlopez@ojcommerce.com]**

OJCommerce, LLC
Attn: Dunia Lopez, Jacob Weiss
11651 Interchange Circle South
Hollywood, Florida 33025

      Re:    The NOCO Company
                  Infringement of Intellectual Property and Other Rights

Dear Sir or Madam:

We are legal counsel to The NOCO Company ("**NOCO**"), a leader in the battery products industry.

NOCO uses a network of authorized resellers to sell its products. NOCO only works with and sells to those resellers who, as authorized resellers, are permitted to use NOCO's proprietary trademarks, trade dress, trade names, copyrighted images, and other intellectual property in connection with the sale of NOCO products. Authorized resellers may also extend consumer warranty protections offered by NOCO and must otherwise comply with NOCO policies and procedures including NOCO's resale policies. In this regard, NOCO has implemented a Minimum Advertised Priced Policy (the "**MAP Policy**") in order to protect its goodwill, brand, reputation and valuable proprietary and intellectual property rights, including the registered trademarks NOCO® and NOCO GENIUS®. The MAP Policy can be found at https://no.co/map-policy. MAP Policy prices are enclosed and can be downloaded at https://no.co/x/MAP.

To protect the quality of its brand, the goodwill of its customers, and the value of its approved business relationships, NOCO routinely monitors both its authorized resellers and unauthorized sellers for compliance with NOCO's policies, acceptable use of NOCO's intellectual property, and compliance with NOCO's warranty protections.

It has come to our attention that you are advertising NOCO products in violation of the MAP Policy. Specifically, you are advertising various NOCO products below the price set forth in the MAP Policy. Please be advised that if you wish to continue to sell NOCO products, then you must comply with the MAP Policy.

{K0668379.1}



KJK.COM

CLEVELAND + COLUMBUS

Exhibit D



1375 East Ninth Street **|** One Cleveland Center, 29th Floor **|** Cleveland, Ohio 44114

Main: 216.696.8700 **|** Toll-free: 888.696.8700 **|** 216.621.6536

Given these facts, NOCO is willing to offer you two options: abide by NOCO policies or cease sales of NOCO products. Specifically, these options are:

> **Option One.** Confirm in writing that you will abide by the MAP Policy and other reasonable restrictions on use of NOCO intellectual property from this date forward, continue to do so in the future, and understand that if you fail to do so at any time in the future NOCO will take all necessary steps, including the possibility of litigation, to protect its brand, goodwill, and business relations; or
>
> **Option Two.** Immediately cease selling any and all NOCO products and sign the attached Settlement Agreement.

Failure to elect either option within ten (10) days of this letter may result in additional legal action.

**THIS CORRESPONDENCE DOES NOT PURPORT TO BE A COMPLETE STATEMENT OF THE LAW, THE FACTS, OUR CLIENT'S RIGHTS OR POTENTIAL CLAIMS AND IS WITHOUT PREJUDICE TO THEIR LEGAL AND EQUITABLE RIGHTS, ALL OF WHICH ARE EXPRESSLY RESERVED.**

Sincerely,

*Sean P. Malone*

Sean P. Malone

Enclosure

Copy: Jonathan Nook
        Jon J. Pinney



## SETTLEMENT, RELEASE, AND WAIVER

**This Settlement, Release, and Waiver (the "*AGREEMENT*") is expressly limited to and made conditional upon the exclusivity of these terms and conditions and may only be amended by the PARTIES' specific, written assent to the change.**

This AGREEMENT is effective as of the date indicated below by and among: (i) The NOCO Company ("*NOCO*"); and (ii) the individual or entity identified below, the individual executing this AGREEMENT on its behalf, and its and/or their respective owners, members, shareholders, directors, officers, employees, agents, successors, assigns, parents, subsidiaries, affiliates, and/or related entities (jointly and severally "*RESELLER*").  NOCO and RESELLER are collectively referred to as the "*PARTIES*" and individually as a "*PARTY*".

| | | | |
|---|---|---|---|
| Name (Exact Legal Name) | | Type of Entity (individual, corporation, etc.) | |
| Street Address | City | State | Zip Code |
| Telephone | | Fax Number | |
| Contact Name | | Email | |
| Business ID No. | Website Address | Effective Date | |

   WHEREAS, NOCO designs, manufactures, and sells products (the "*NOCO PRODUCTS*") under the NOCO®, NOCO GENIUS®, NOCO GENIUS BOOST®, ULRTRASAFE®, CHARGELIGHT®, XGRID®, BATTERY LIFE®, WICKED SMART®, STOP CORROSION®, and other registered and unregistered trademarks and natural extensions thereof, embodying substantial proprietary intellectual property, including patents, trademarks, copyrights, and trade secrets (the "*NOCO IP*");

   WHEREAS, NOCO alleges that RESELLER, who is not an authorized reseller, has listed NOCO PRODUCTS for sale and infringed upon the NOCO IP; and

   WHEREAS, in exchange for RESELLER's agreement to forever refrain from selling NOCO PRODUCTS, NOCO will not pursue legal action for RESELLER's alleged infringement.

   NOW, THEREFORE, the PARTIES, for and in consideration of the mutual promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby agree as follows:

**1.**  **Non-Sale of NOCO Products.** RESELLER agrees that it shall forever refrain from directly or indirectly selling any NOCO PRODUCTS or using any NOCO IP. If RESELLER breaches this AGREEMENT, including by listing any NOCO PRODUCTS for sale on any website or other platform, including but not limited to Amazon.com, RESELLER agrees that it shall reimburse NOCO for NOCO's costs to enforce this AGREEMENT, including, but not limited to, reasonable attorney fees and costs incurred.

**2.**  **Mutual Release of All Claims**. In consideration of this AGREEMENT and the promises set forth above, NOCO and RESELLER hereby acquit, release and forever discharge each other from, and waive any and all claims, actions, causes of action, demands, rights, damages, costs, interest, punitive damages, exemplary damages, equitable relief, attorney fees, expenses and compensation that they, either jointly or severally, may now have for economic damage, infringement of intellectual property rights, breach of

{K0668379.1}

contract (written or otherwise), tortious interference with contract, negligence, and any other suits or claims for damages, whatsoever, at law or in equity, that any PARTY had, has, or possibly could have had with respect to the NOCO PRODUCTS and/or to RESELLER'S sale of the NOCO PRODUCTS in any way, except for any claims arising as a result of a breach of this AGREEMENT.

**3.  Applicability**. This AGREEMENT shall be binding on, and inure to the benefit of NOCO, RESELLER, and their current and former owners, members, shareholders, directors, officers, employees, agents, successors, assigns, parents, subsidiaries, affiliates, and/or related entities.

**4.  No Waiver**. The failure of NOCO to exercise any of its rights hereunder or grant extension of time for compliance shall not constitute a waiver of any default or any other right in that or any subsequent default.

**5.  Ohio Law Governs**.  The laws of the State of Ohio shall govern this AGREEMENT. The PARTIES agree that any action and/or lawsuit to construe the provisions of this AGREEMENT or to enforce the rights and obligations contained herein shall be filed in a court of competent jurisdiction in Cuyahoga County, Ohio, and the PARTIES waive any objections to such forum on the grounds of inconvenience or lack of personal jurisdiction.

**6.  Entire Agreement**. This AGREEMENT embodies the entire agreement among the PARTIES with respect to the subject matter hereof and supersedes any and all prior agreements and understandings, oral or written, with respect thereof.

**7.  Joint Preparation**.  This AGREEMENT is deemed to have been prepared jointly by the PARTIES hereto and any uncertainty or ambiguity herein, if any, shall not be interpreted against a PARTY, but shall be interpreted according to the application of the rules of interpretation for arm's length agreements.

**8.  Severability**.  It is the intention of the PARTIES that the terms and provisions of this AGREEMENT be construed to be separable and severable.  If any term or provision of this AGREEMENT shall be held void, invalid, unenforceable or in conflict with any applicable law, all of the other terms and provisions of this AGREEMENT shall remain valid and fully enforceable.

**9.  Opportunity to Review and Authority to Execute**.  By signing this AGREEMENT, the undersigned PARTIES acknowledge that they (i) have fully read this AGREEMENT; (i) understand all of its terms; (iii) have had the opportunity to consult with legal counsel; (iv) have the authority to execute the document on the principal's behalf; and (v) have executed this AGREEMENT voluntarily.

**10.  Execution and Delivery**.  This AGREEMENT may be executed in counterparts, and shall become effective when counterparts have been signed, it being understood that the PARTIES need not sign the same counterpart.  For evidentiary purposes, faxed or electronically mailed counterparts of this AGREEMENT shall be deemed to be originals and digital signatures shall have the same force and effect as a signature in pen and ink.

**IN WITNESS WHEREOF,** the undersigned have executed this AGREEMENT as of the Effective Date.

| **THE NOCO COMPANY** | **"RESELLER"** |
|---|---|
| By: _____<br>      Jonathan Nook, President | By: _____ |
|  | Print: _____ |
| Date: _____ | Its: _____ |
|  | Date: _____ |

{K0668379.1}                                                  2