# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **OJ COMMERCE LLC**, | ) |
| | ) CASE NO. 1:20-cv-01198-PAB |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE PAMELA A. BARKER |
| | ) |
| **THE NOCO COMPANY** | ) |
| | ) |
| Defendant. | ) |

---**and**---

| | |
|---|---|
| **THE NOCO COMPANY** | ) |
| | ) |
| Plaintiff, | ) CASE NO: 1:19-cv-02298-JG |
| v. | ) |
| | ) JUDGE JAMES S. GWIN |
| **OJCOMMERCE, LLC** | ) |
| | ) |
| and | ) |
| | ) |
| **OJCOMMERCE.COM, INC.** | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____

### THE NOCO COMPANY'S MOTION TO CONSOLIDATE

The NOCO Company d/b/a NOCO ("***NOCO***") by and through counsel, hereby files this motion to consolidate Case No. 1:20-cv-01198-PAB (*OJ Commerce LLC v. The Noco Company*), with Case No. 1:19-cv-02298-JG (*The NOCO Company v. OJCommerce LLC and OJCommerce.com, Inc.*).

In furtherance of judicial economy, these two cases should be consolidated, given that they involve the same parties and issues.

A court may consolidate actions that "involve a common question of law or fact." *See* Fed. R. Civ. P. 42(a). "The objective of consolidation is to administer the Court's business economically and expeditiously while ensuring justice for the parties." *UPMC Presbyterian Shadyside v. Fleet Owners Insurance Fund, et al.*, Case No. 1:19-cv-158 (N.D. Ohio, June 18, 2019).

In deciding whether to consolidate, courts consider factors like "the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, the burden on witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits, and the relative expense to all concerned of a single trial versus multiple trials." *Id; see also Beverlly Jewerlly Co., Ltd. v. Tacori Enters.*, No. 06-cv-1967, 2006 WL 3304218, at *2 (N.D. Ohio Nov. 13, 2006) (citation omitted) ("a court should weigh 'the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause.'").

Here, as outlined in the June 1, 2020 order of Judge William Dimitrouleas transferring Case No. 1:20-cv-01198-PAB from the Southern District of Florida, where it was originally filed, to the Northern District of Ohio (the "**Order**"), there is substantial similarity and overlap between the cases. They involve common questions of law and fact that will require the parties to raise arguments similar or identical to those raised in the other case:

> Litigating both the instant case and the Ohio case separately drains judicial resources through parallel litigation of many issues, including but not limited to,

the validity of NOCO's Amazon report, OJC's products authenticity, the warranties offered by NOCO and OJC, and the relationship between NOCO's report and Amazon's decision to disable OJC's account. Additionally, parallel litigation could result in inconsistency in holdings on these issues.

Order at 5. With his specific references to the existing case between the parties, Case No. 1:19-cv-02298-JG, which was filed four months before the Florida case, Judge Dimitrouleas clearly contemplated consolidation. *See id.* (citing the "first to file" rule[1] and "principles of comity and sound judicial administration").

As a result, Case No. 1:20-cv-01198-PAB should be consolidated with the previously filed case involving the same parties, Case No. 1:19-cv-02298-JG, given the common questions of law and fact between the cases, the benefits of judicial economy, the avoidance of unnecessary costs and delays, and the absence of any risk of prejudice to the parties.

                                      Respectfully submitted,

                                      **KOHRMAN JACKSON & KRANTZ LLP**

                                      */s/ Jon J. Pinney*
JON J. PINNEY (0072761)
SEAN P. MALONE (0076353)
DAVID R. POSTERARO (0024661)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114
Phone: 216-696-8700
Fax: 216-621-6536
Email: jjp@kjk.com; spm@kjk.com; drp@kjk.com

*Counsel for Plaintiff*

---

[1] *See* Order at 4 ("The federal first to file rule permits a district court to decline jurisdiction over an action when a complaint involving overlapping parties and issues has already been filed in another district.").

{K0795529.1}                                                 3

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically via the Court's electronic docketing system on June 18, 2020. Notice of the filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Sean P. Malone*
Sean P. Malone