UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | | |
|---|---|---|
| THE NOCO COMPANY, | : | CASE NO. 1:19-cv-02298 |
| | : | |
| Plaintiff. | : | OPINION & ORDER |
| | : | [Resolving Doc. 6] |
| vs. | : | |
| | : | |
| OJCOMMERCE, LLC, and | : | |
| OJCOMMERCE.COM, INC., | : | |
| | : | |
| Defendants. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff The NOCO Company ("NOCO") manufactures and sells battery related products.[1]  Defendants OJCommerce, LLC ("OJCommerce") and OJCommerce.com, Inc. ("OJCommerce.com") arguably sell NOCO products without NOCO's consent.[2]  Plaintiff sues Defendants for a declaratory judgment, unfair competition, tortious interference with contract, trademark infringement and dilution, and Ohio deceptive trade practices.[3]

Defendants move to dismiss the suit for lack of personal jurisdiction, improper venue, and failure to state a claim for which the Court can grant relief.[4]  Plaintiff opposes.[5]

For the following reasons, the Court **GRANTS** Defendant OJCommerce.com's motion to dismiss for lack of personal jurisdiction, **DENIES** Defendant OJCommerce's motion to dismiss for lack of personal jurisdiction and improper venue, and **GRANTS in part** Defendant OJCommerce's motion to dismiss for failure to state a claim.

---

[1] Doc. 1.
[2] *Id.*
[3] *Id.*
[4] Doc. 6.
[5] Doc. 7.

Case No. 1:19-cv-02298
GWIN, J.

I.    **Background**

Plaintiff NOCO manufactures and sells battery related products to authorized resellers.[6]  Under NOCO's "Reseller Agreement," NOCO's authorized resellers cannot sell in bulk or to wholesales; NOCO's authorized resellers can only sell NOCO products direct-to-consumer.[7]

In May 2018, Plaintiff discovered Defendants OJCommerce and OJCommerce.com were selling NOCO products on OJCommerce.com[8] and Amazon.com[9] without NOCO's consent.[10]  Plaintiff sent Defendants a cease and desist, asking Defendants to either follow NOCO's sales policies or stop selling NOCO products.[11]  Defendants refused and this litigation followed.

Plaintiff NOCO claims Defendants' unauthorized NOCO product sales constitute trademark infringement and dilution, unfair competition, and an Ohio deceptive trade practice.  Further, Plaintiff claims Defendants induced an authorized NOCO reseller to breach the reseller's contract with NOCO and make bulk sales to Defendants.[12]

Defendants move to dismiss Plaintiff's suit, arguing the Court lacks personal jurisdiction over Defendants, venue is improper, and Plaintiff has failed to state a claim against Defendants for which the Court can grant relief.[13]

---

[6] Doc. 1 at 2.
[7] *Id.* at 3; Doc. 1-1 at 2.
[8] Doc. 1 at 3.
[9] Doc. 1-3.
[10] Doc. 1-2.
[11] Doc. 1 at 4; Doc. 1-4.
[12] Doc. 1.
[13] Doc. 6.

Case No. 1:19-cv-02298
GWIN, J.

## II.    Discussion

### A.    Personal Jurisdiction

To survive a 12(b)(2) motion when the Court decides the 12(b)(2) motion based "solely on written submissions and affidavits[,]" the plaintiff must make a *prima facie* showing that the Court has personal jurisdiction.[14]  The Court views the pleadings and affidavits "in a light most favorable to the plaintiff[.]"[15]

A federal court with federal question subject matter jurisdiction has specific personal jurisdiction over a defendant "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process."[16]  Under Ohio's long-arm statute:

> A court may exercise personal jurisdiction over a person . . . as to a cause of action arising from the person's . . . [c]ausing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some persons would be injured thereby in this state[.][17]

And exercising jurisdiction satisfies due process when: (1) the defendant "purposefully avail[s] himself of the privilege of acting in the forum state or causing a consequence in the forum state[,]" (2) "the cause of action . . . arise[s] from the defendant's activities there[,]" and (3) "the acts of the defendant or consequences caused by the defendant . . . have a substantial

---

[14] *Air Prod. and Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). (citing *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).

[15] *Id.*

[16] *Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*, 692 F.3d 469, 471 (6th Cir. 2012) (citing *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)) (alterations in original).

[17] Ohio Rev. Code § 2307.382(A)(6).

Case No. 1:19-cv-02298
GWIN, J.

enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."[18]

In this case, the Court has personal jurisdiction over Defendant OJCommerce but not Defendant OJCommerce.com.[19]

Plaintiff has made a *prima facie* showing that OJCommerce caused tortious injury to NOCO in Ohio,[20] that it did so purposefully,[21] and with reasonable expectation that NOCO would be injured in Ohio.[22]  As a result, the Court has jurisdiction over Defendant OJCommerce under Ohio's long-arm statute.

Likewise, Plaintiff has made a *prima facie* showing that jurisdiction satisfies due process.  First, Defendant OJCommerce purposefully availed[23] itself to the privilege of acting in Ohio through its maintenance of an active e-commerce site,[24] listing on another active e-commerce platform,[25] and 16 Ohio NOCO product transactions.[26]  Second, Plaintiff's claims

---

[18] *Beydoun v. Wataniya Rest. Holding, Q.S.C.*, 768 F.3d 499, 505 (6th Cir. 2014) (quoting *S. Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

[19] Defendant OJCommerce.com does not sell NOCO products. Doc. 8-1.  Therefore, OJCommerce.com could not cause tortious injury to Plaintiff by impermissibly selling NOCO products.  Moreover, OJCommerce.com is a Delaware company with its principal place of business in Florida. *Id.*  And OJCommerce.com has never sold any products in Ohio. *Id.*  Thus, there are insufficient contacts between OJCommerce.com and Ohio to satisfy the personal jurisdiction due process requirements.

[20] Plaintiff NOCO does not allege it is an Ohio company, but it does provide an Ohio corporate address at the top of its complaint. Doc. 1.

[21] Plaintiff claims Defendant OJCommerce continued to sell NOCO products after Plaintiff sent Defendant a cease and desist letter. Doc. 1 at 4.

[22] *See Noco Co. v. Doe*, 1:19 CV 2260, 2020 WL 836757 at *3 (N.D. Ohio February 20, 2020) (("courts have concluded that when a defendant is alleged to have committed torts against an Ohio Plaintiff . . . the defendant could have reasonably expected that injury would occur in Ohio.") (citing *Safety Today, Inc. v. Roy, et al.*, 2:12 CV 510, 2012 WL 2374984 at *2 (S.D. Ohio June 22, 2012))).

[23] *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890–92 (6th Cir. 2002).

[24] Doc. 1-3; Doc. 8-1 at 1.

[25] Doc. 1-2; Doc. 8-1 at 1.

[26] Doc. 8-1 at 2.

-4-

Case No. 1:19-cv-02298
GWIN, J.

arise out of Defendant OJ Commerce's selling NOCO products, including in Ohio.  Third, though the Court recognizes that litigation in Ohio will place some burden on Defendant OJCommerce, it is not unreasonable to exercise jurisdiction.[27]  Ohio has an interest in protecting Ohio companies.[28]  The Court's exercise of jurisdiction over Defendant OJCommerce does not deny due process.

### B.    Venue

Venue rests in "a judicial district in which [the] defendant resides."[29]  A limited liability company "resides, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . .."

In this case, venue is proper because Defendant OJCommerce is subject to personal jurisdiction in the Northern District of Ohio for this suit.[30]

### C.    Failure to State a Claim

To survive a 12(b)(6) motion, the Plaintiff must plead facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[31]  The Court accepts "all well-pleaded factual allegation in the complaint as true."[32]

Defendant OJCommerce moves to dismiss all counts in Plaintiff's complaint for failure to state a claim.  The Court addresses each of Defendant's arguments in turn.

---

[27] *Air Prod. and Controls, Inc.*, 503 F.3d at 554 (("[W]here, as here, the first two criterion are met, an inference of reasonableness arises and only the unusual case will not meet this third criteria.") (citing *Theunissen*, 935 F.2d at 1461) (internal quotations omitted)).

[28] *Id.* at 555 ("Although it would be a burden on [Defendants] to travel from Kansas for this litigation, Michigan clearly has an interest in protecting a company whose principal place of business is located in Michigan.").

[29] 28 U.S.C. § 1391(b)(1).

[30] *See supra* Section II.A.

[31] *Hensley Mfg. v ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[32] *Id.*

Case No. 1:19-cv-02298
GWIN, J.

### 1.    Count I – Declaratory Judgment/Injunctive Relief

Defendant argues the Court must dismiss Count I because a declaratory judgment is not an independent cause of action.[33]  But courts in this circuit have treated a claim for an Ohio declaratory judgment as a separate cause of action.[34]  The Court will not dismiss Count I of Plaintiff's complaint.

### 2.    Count III – Tortious Interference with Contract

Defendant argues the Court must dismiss Count III because Plaintiff failed to identify a particular contract, because it is implausible that Defendant had knowledge of such a contract, and because Plaintiff failed to allege that Defendant "procured a breach of contract."[35]

But Plaintiff alleged its Reseller Agreement binds all its resellers, that Defendant has been aware of the Reseller Agreement since Plaintiff sent a cease and desist, and that at least one of its authorized resellers breached the Reseller Agreement as a result of Defendant's conduct.[36]  The Court will not dismiss Count III of Plaintiff's complaint.

### 3.    Counts II, IV, V, VI – Unfair Competition, Trademark Infringement and Dilution, and Ohio Deceptive Trade Practices

Defendant argues the Court must Dismiss Counts II, IV, V, and VI because the "first sale" exception[37] to trademark infringement provides Defendant with a complete defense to

---

[33] Doc. 6 at 6.
[34] *See NFC Acquisition, LLC v. Comerica Bank*, 640 F.Supp.2d 964, 970 (N.D. Ohio 2009) (treating a requests for declaratory judgment under Ohio law as an independent claim).
[35] Doc. 6 at 7–8.
[36] Doc. 1 at 6.
[37] "Under the exception, resale by the first purchaser of the original trademarked item is generally neither trademark infringement nor unfair competition." *Brilliance Audio, Inc. v. Haights Cross Commc'ns, Inc.*, 474 F.3d 365, 369 (6th Cir. 2007).

Case No. 1:19-cv-02298
GWIN, J.

Plaintiff's claims.[38]  Further, Defendant argues that the circumstances[39] in which the first sale

exception does not apply are not present in this case.[40]

The Court agrees the first sale exception applies to Defendant.  And Plaintiff failed to

allege any facts to supports its argument that the NOCO products Defendant sells are

"materially different" or that Defendant sold NOCO products "in a manner likely to cause

the public to believe the reseller was part of the producer's authorized sales force or one of

its franchisees."[41]  The Court will dismiss Counts II, IV, and VI of Plaintiff's complaint.[42]

However, the Court will not dismiss Count V of Plaintiff's complaint, as the first sale

exception is not a defense to trademark dilution.[43]

---

[38] Doc. 6 at 9.

[39] *See Brilliance Audio*, 474 F.3d at 370 ((explaining the first sale exception does not apply "when the notice that the item has been repackaged is inadequate" and "when an alleged infringer sells trademarked goods that are materially different than those sold by the trademark owner.") (internal citations and quotations omitted)); *See also Enters. V. Michael Joaillier, Inc.*, 207 F.Supp.3d 799, 804–5 (S.D. Ohio 2016) (("[t]he first sale doctrine offers no defense when the reseller used the trademark in a manner likely to cause the public to believe the reseller was part of the producer's authorized sales force or one of its franchisees.'") (citing *PACCAR Inc. v. TeleScan Techs., LLC*, 319 F.3d 243, 257 (6th Cir. 2003)) (overruled on other grounds by *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 542 U.S. 111, 125 (2004))).

[40] Doc. 6 at 10.

[41] Doc. 7 at 10–11 (citing *PACCAR Inc.*, 319 F.3d at 257).

[42] The first sale exception is a defense to trademark infringement and unfair competition, *see Brilliance Audio*, 474 F.3d at 369, as well Plaintiff's Ohio deceptive trade practices claim.  *See Robins v. Glob. Fitness Holdings, LLC*, 838 F.Supp.2d 631, 649 (N.D. Ohio 2012) (("The Ohio Deceptive Trade Practices Act . . . is substantially similar to the federal Lanham Act, and it generally regulates trademarks, unfair competition, and false advertising.  When adjudicating claims pursuant to the DTPA, Ohio courts shall apply the same analysis applicable to claims commenced under analogous federal law.") (internal citations and quotations omitted)).

[43] Trademark dilution is claim under the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c) not the Lanham Act, 15 U.S.C. § 1114.  And "the absence of any likelihood of confusion . . . [does not] provide[ ] a defense to . . . statutory dilution."  *Moseley v. V Secret Catalogue*, 537 U.S. 418, 429 (2003).  Thus, the rationale for the first sale exception, that "confusion ordinarily does not exist when a genuine article bearing a true mark is sold," *Brilliance Audio*, 474 F.3d at 369 (internal citations and quotations omitted), is inapplicable.

Case No. 1:19-cv-02298
GWIN, J.

### III.    Conclusion

The Court **GRANTS** Defendant OJCommerce.com's motion to dismiss for lack of

personal jurisdiction.  The Court **DENIES** Defendant OJCommerce's motion to dismiss for

lack of personal jurisdiction and improper venue.  The Court **GRANTS** Defendant

OJCommerce's motion to dismiss for failure to state a claim as to Counts II, IV, and VI.  The

Court **DENIES** Defendant OJCommerce's motion to dismiss for failure to state a claim as to

Counts I, III, and V.


IT IS SO ORDERED.


Dated: November 2, 2020                    s/      *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE