IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE NOCO COMPANY
    *Plaintiff,*
vs.

OJ COMMERCE, LLC
    *Defendant*
_____/

Case No.: **1:19-cv-02298-JG**

Judge James S. Gwin

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT, AND COUNTERCLAIMS

Defendant OJ COMMERCE, LLC hereby files its answer, affirmative defenses, and counterclaims, as follows.

## ANSWER

Defendant hereby files its answer to Plaintiff's amended complaint, [D.E. 34], as follows. Each paragraph in the amended complaint is copied below, followed by Defendant's answer. Any allegation not expressly admitted is denied.

*INTRODUCTION*

1. Defendant has engaged in the unauthorized sale of products distributed by, and willfully infringing upon the intellectual property of, Plaintiff. These unauthorized sales and infringing activities are illegal, have harmed, and will continue to harm Plaintiff.

    **ANSWER**: Denied.

*PARTIES*

2. Plaintiff designs, manufactures, and sells battery chargers, portable power devices, and related battery products and accessories (collectively, the "Products").

**ANSWER**: Insufficient knowledge, therefore denied.

3. Defendant has sold the Products and used Plaintiff's proprietary intellectual property in connection with such sales without the authority or consent of Plaintiff.

**ANSWER**: Admitted that some NOCO Products were sold in the past by Defendant, otherwise, denied.

*JURISDICTION/VENUE*

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1338.

**ANSWER**: Denied.

5. Pursuant to Ohio Revised Code Section 2307.382, this Court has personal jurisdiction over Defendants because Defendants have caused tortious injury in the State of Ohio.

**ANSWER**: Denied.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**ANSWER**: Denied.

*BACKGROUND*

7. Plaintiff sells the Products on its website (https://no.co/), to wholesalers and authorized resellers (each, a "Reseller" and together, "Resellers"), and through online stores such as Amazon.com.

**ANSWER**: Insufficient knowledge, therefore denied.

8. When Plaintiff sells to Resellers it enters into contracts with such sellers ("Reseller Agreements").

**ANSWER**: Insufficient knowledge, therefore denied.

9. Resellers may only sell the Products pursuant to a Reseller Agreement.

**ANSWER**: Denied.

10. Plaintiff uses Reseller Agreements in order to promote fair competition between Resellers and to protect its brand, its goodwill, and its valuable intellectual property, including its proprietary images, designs, and content ("Copyrights") and the registered trademarks, including the trademarks NOCO® and NOCO GENIUS® ("Trademarks").

**ANSWER**: Denied.

11. The Reseller Agreements limit Resellers' use of the Copyrights and Trademarks to avoid brand dilution, tarnishment, and confusion as to the origin of the Products. An example of such an agreement is attached as Exhibit A.

**ANSWER**: Insufficient knowledge, therefore denied.

12. The Reseller Agreements only permit sales of the Products to retail consumers and expressly prohibit bulk sales or sales to wholesalers. See Exh. A.

**ANSWER**: Insufficient knowledge, therefore denied.

13. The Reseller Agreements also specify that any warranties associated with the Products are only valid when sold by Resellers. Id.

**ANSWER**: Insufficient knowledge, therefore denied.

14. At least since May 27, 2018, Plaintiff has been aware, and has so notified Defendants, that Defendants were selling the Products and using Plaintiff's Copyrights and Trademarks without authorization and without Plaintiff's consent.

**ANSWER**: Denied.

15. Defendant sells the Products online on www.amazon.com using the Amazon storefront OJCommerce and on the website www.ojcommerce.com, and possibly other websites. Examples of Defendant's sales are attached as Exhibits B and C.

**ANSWER**: Denied.

16. Defendant purchased the Products from Resellers.

   **ANSWER**: Admitted.

17. The Resellers from which Defendant purchased the Products had Reseller Agreements with Plaintiff.

   **ANSWER**: Insufficient knowledge, therefore denied.

18. Upon information and belief, Defendant induced Resellers to sell the Products to Defendant in bulk for the purpose of resale.

   **ANSWER**: Denied.

19. Defendant continued to violate Plaintiff's contractual and intellectual property rights.

   **ANSWER**: Denied.

20. On May 29, 2018, undersigned counsel sent a letter informing Defendants that they were, *inter alia*, selling the Products without authorization and that such sales violated Plaintiff's rights in the Copyrights and the Trademarks (the "Letter"). The Letter is attached as Exhibit D.

   **ANSWER**: Denied.

21. The Letter also put Defendants on notice of Plaintiff's claims, and requested that Defendants cease such conduct immediately.

   **ANSWER**: Denied.

22. Defendant failed to cease selling the Products and continued to violate Plaintiff's rights.

   **ANSWER**: Denied.

23. Defendants' continued use of the Copyrights and Trademarks after receiving the Letter willfully infringes on Plaintiff's rights in the Copyrights and Trademarks.

   **ANSWER**: Denied.

*Count One - Declaratory Judgment/Injunctive Relief*

24. Plaintiff hereby incorporates each and every preceding paragraph as if fully restated herein.

**ANSWER**: None required.

25. An actual and justiciable controversy exists between Plaintiff and Defendant related to whether Defendant has the right to sell the Products without Plaintiff's consent and in violation of Plaintiff's rights in the Trademarks.

**ANSWER**: Denied.

26. The Court, pursuant to O.R.C. § 2721.03 and Fed. R. Civ. P. 57, should declare that Defendant has no right or authorization to sell the Products, or use the Trademarks, as these actions have harmed and could continue to harm Plaintiff in the future.

**ANSWER**: Denied.

27. The Court should further declare that the Letter gave Defendants actual notice that they were not authorized to use the Trademarks, and that Defendant's continued willful use violates Plaintiff's rights in the Trademarks.

**ANSWER**: Denied.

28. Such a declaration is proper, pursuant to O.R.C. §§ 2721.03 and 2721.06, because it would "terminate the controversy between the parties" and "remove an uncertainty" with respect to this issue.

**ANSWER**: Denied.

29. Additionally, the Court should enjoin Defendants from any further sales of the Products and use of the Trademarks.

**ANSWER**: Denied.

## AFFIRMATIVE DEFENSES

1. Failure to state a claim on all counts.

2. All claims are barred by Plaintiff's unclean hands.

3. All claims are barred by the doctrine of laches.

4. Plaintiff failed to mitigate its damages.

5. All claims are barred by the doctrines of estoppel, waiver, consent, acquiescence, and ratification.

6. Defendant did not proximately cause any injuries or damages to Plaintiff.

7. Plaintiff's claims are barred by assumption of risk.

8. All of Plaintiff's claims are offset by the damages it caused to Defendant.

9. Plaintiff's enforcement of its mark is barred because it is used to violate antitrust laws, including but not limited to, illegal price fixing.

10. Plaintiff's claims are barred by the first sale doctrine.

11. Plaintiff's claims are barred by the doctrine of *res judicata*.

## COUNTERCLAIMS

OJ Commerce, LLC ("OJC") hereby brings these counterclaims against THE NOCO COMPANY ("Noco")  and states the following.

## PARTIES

1. OJC is a Delaware limited liability company with its principal place of business in Broward County, Florida. OJC's single member resides in Florida. OJC is an online retailer engaged in interstate commerce, and is selling power supply products and other consumer goods on the Amazon marketplace to customers throughout the continental United States.

2. Noco is an Ohio Corporation, with its principal place of business in Cleveland Ohio. Noco

is a wholesale manufacturer, distributor, and seller of power supply products throughout the United States.

## JURISDICTION

3. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

4. This Court also has supplemental jurisdiction over these counterclaims, pursuant to 28 U.S.C § 1367 as they arise from the same case or controversy as the federal claims in the complaint.

## INTRODUCTION

5. Amazon is the largest online marketplace for consumer goods, and retailers compete for customers by providing competitive pricing, and quality services. Amazon allows multiple sellers to sell the same item, often at different prices and with different associated services, such as speed of delivery and/or return policy in the event of any dissatisfaction. Such fair and open competition among multiple sellers of the same product is conducive to a healthy marketplace, where the consumer is the ultimate beneficiary, getting the best price and highest level of service.

6. However, some products are sold on the Amazon marketplace exclusively by Amazon, or exclusively by the manufacturer of those products. In such instances, there is no competition on the price, and it is sold at a higher price, to the detriment of the consumer.

7. Noco wants to eliminate discount retailers such as OJC from the Amazon marketplace, and ensure that Noco's products are sold exclusively by Amazon, at a higher price. To accomplish that goal, Noco resorted to the illegal tactic of making malicious false accusations against OJC, and filing knowingly false claims with Amazon, contending inaccurately that OJC was selling counterfeit goods, in an effort to remove OJC from the Amazon marketplace.

8. Noco's counterfeit claims are blatantly malicious, as Noco is fully aware that OJC purchases and resells genuine Noco products from its authorized resellers, and are in no way counterfeit.

9. OJC relies heavily on selling its products online, including via the Amazon marketplace. OJC sells hundreds of thousands of dollars worth of product on the Amazon marketplace daily. Noco is well aware of Amazon's strict intellectual property policies, and more specifically the seriousness of counterfeit allegations against a retailer. Precisely because those policies are strict, making false allegations to Amazon has devastating ramifications for those businesses against whom such false allegations are made. A deliberately false claim to Amazon that a retailer is selling counterfeit products directly leads to that seller being suspended from all access to the Amazon marketplace, including the ability to sell other products not even alleged to have been counterfeit. This is exactly what happened to OJC, when on or about February 2, 2020, Noco accomplished its goal by causing OJC's Amazon seller account to be suspended, and Amazon removing all of OJC's selling privileges, which caused daily damages to OJC to the tune of hundreds of thousands of dollars in lost sales on the Amazon marketplace. Noco deliberately caused these harms to OJC by making intentionally false statements in order to profit unfairly at OJC's expense.

**FACTS COMMON TO ALL COUNTS**

10. OJC sells a large number of consumer goods, including certain consumer power supply products manufactured by Noco, identified by Amazon Standard Identification Numbers ("ASIN") as B004LWTHP2, B015TKPT1A, B004LX14Z2, B015TKSSB8, B015TKUPIC, and B00PKIBVU0 (collectively, the "Noco Products").

11. OJC obtains all of its Noco Products from authorized resellers, and sells only genuine and

authentic Noco Products.

12. One of the marketplaces through which OJC resells its Noco Products is www.amazon.com, the Amazon marketplace website.

13. Upon information and belief, Noco is the manufacturer of the Noco Products.

14. Amazon has established a strict anti-counterfeiting policy, whereby any product that is reported as counterfeit is immediately removed from the Amazon marketplace, and a negative flag is added to the seller's account, as a counterfeit seller.

15. Thus, as predictable with Amazon's anti-counterfeiting policy, a seller targeted with claims of selling counterfeit merchandise is faced with consequences such as the seller's loss of selling privileges, and its funds from prior sales being withheld by Amazon.

16. While intended to protect consumers against purchasing counterfeit products, these Amazon policies unfortunately provide perverse incentives for unscrupulous manufacturers willing to make false accusations in order to gain an unfair advantage against legitimate retailers.

17. On October 2, 2019, Defendant Noco filed a claim with Amazon against OJC, Claim # 6482867911, falsely alleging that ASIN B004LWTHP2 sold by OJC is counterfeit, and violates its trademark No. 1165271. A copy of Noco's claim is hereby attached as Exhibit A.

18. On December 26, 2019, Defendant Noco filed a claim with Amazon against OJC, Claim # 6702229381, falsely alleging that ASIN B015TKPT1A sold by OJC is counterfeit, and violates its trademark No. 1165271. A copy of Noco's claim is hereby attached as Exhibit B.

19. On December 27, 2019, Defendant Noco filed a claim with Amazon against OJC, Claim # 6704085891, falsely alleging that ASIN B004LX14Z2 sold by OJC is counterfeit, and violates its trademark No. 1165271. A copy of Noco's claim is hereby attached as Exhibit C.

20. On December 27, 2019, Defendant Noco filed a claim with Amazon against OJC, Claim #

6704022281, falsely alleging that ASIN B015TKSSB8 sold by OJC is counterfeit, and violates its trademark No. 1165271.  A copy of Noco's claim is hereby attached as Exhibit D.

21. On December 31, 2019, Defendant Noco filed a claim with Amazon against OJC, Claim # 6712661871, falsely alleging that ASIN B015TKUPIC sold by OJC is counterfeit, and violates its trademark No. 1302394.  A copy of Noco's claim is hereby attached as Exhibit E.

22. On January 6, 2020, Defendant Noco filed a claim with Amazon against OJC, Claim # 6724652801, falsely alleging that ASIN B00PKIBVU0 sold by OJC is counterfeit, and violates its trademark No. 1165271.  A copy of Noco's claim is hereby attached as Exhibit F.

23. In all, Noco made at least six false claims with Amazon, alleging that OJC is selling eight counterfeit Noco Products (the "Counterfeit Claims").

24. Noco's Counterfeit Claims are false, as OJC's Noco Products are genuine, legitimate, authentic, and not counterfeit.  Noco knew without any doubt that the Counterfeit Claims were false when it made these claims with Amazon.

25. Noco made these false Counterfeit Claims to Amazon with the specific intention that Amazon act on it, and suspend OJC's selling privileges from the Amazon marketplace, pursuant to Amazon's policies.

26. On January 16, 2020, OJC sent a notice to Noco's counsel advising that its claims are false, and requested an immediate retraction.  A copy of OJC's demand letter is hereby attached as Exhibit G.

27. As a result of Noco's false Counterfeit Claims, Amazon immediately removed OJC's Noco Products from the Amazon marketplace, and flagged OJC as a counterfeit seller, thus putting OJC at a competitive disadvantage in its ability to sell any other products, including those not alleged to be counterfeit, via the Amazon marketplace.

28. On January 29, 2020, Amazon sent a warning to OJC advising that its account will be suspended as a result of Noco's false Counterfeit Claims. A copy of the Amazon warning is hereby attached as Exhibit H.

29. On January 30, 2020, OJC again sent a notice to Noco's counsel asking for an immediate retraction, and advising Noco about the imminent threat of suspension OJC received from Amazon. A copy of OJC's notice is hereby attached as Exhibit I.

30. On February 2, 2020, Amazon suspended OJC's selling privileges from the Amazon marketplace, and advised OJC that the reason for that suspension was due to, at least one of, Noco's false Counterfeit Claims. A copy of the Amazon suspension notice is hereby attached as Exhibit J.

31. Having removed OJC as a competitive seller from the Amazon marketplace, Noco now hopes to sell the Noco Products to consumers, without competition, at a higher price throughout the United States, including in the Northern District of Ohio, than they would otherwise be able to in a fair and competitive market undistorted by Noco's false Counterfeit Claims and the actions Amazon predictably took in reliance on those false Counterfeit Claims.

32. Noco's false Counterfeit Claims caused significant monetary harm to OJC, as it lost hundreds of thousands of dollars in daily sales by the Amazon marketplace account suspension.

33. Noco's false Counterfeit Claims also caused significant harm to OJC's business reputation and goodwill, as consumers and vendors alike refuse to do business with a counterfeit retailer, and is likely to cause significant additional harm in the future.

34. OJC retained the undersigned counsel, and has agreed to pay its reasonable attorney's fees.

## COUNT I - Defamation

35. OJC repeats and reallege paragraphs 1 through 34, as it fully set forth herein.

36. Noco disseminated false and defamatory Counterfeit Claims against OJC, namely that it sells "counterfeit" Noco Products.

37. Such defamatory statements were made towards a third party, Amazon, without any privilege or other valid reason.

38. Indeed, this Court dismissed, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, Noco's claims for unfair competition, trademark infringement, and Ohio Deceptive Trade Practices based on the "first sale" exception. (ECF No. 12.)

39. Despite not having valid trademark infringement claims, Noco's defamatory statements were published across the United States, including in the Northern District of Ohio, as Amazon is a national retailer with locations across the United States, including in the Northern District of Ohio.

40. Despite not having valid trademark infringement claims, Noco made these defamatory statements in order to manipulate Amazon's policies and with the intent and expectation that Amazon would label OJC as a seller of counterfeit products to its consumers, and suspend or otherwise limit OJC's selling privileges on the Amazon marketplace.

41. Noco knowingly made these false Counterfeit Claims with knowledge of their falsity.

42. Noco's publication of the Counterfeit Claim caused significant monetary harm to OJC.

WHEREFORE, Plaintiff OJC seeks damages, special damages, consequential damages, punitive damages, together with court costs, interest, and any other relief this Court deems just and proper.

**COUNT II - Tortious Interference with Business Relationship**

43. OJC repeats and reallege paragraphs 1 through 34, as it fully set forth herein.

44. OJC has a business relationship with Amazon, whereby OJC lists its products on the Amazon marketplace for sale to the public at large, in return for a commission paid to Amazon.

45. Noco knew of OJC's business relationship with Amazon, and specifically targeted that business relationship when it filed false Counterfeit Claims with Amazon against OJC.

46. Noco intentionally and unjustly interfered with OJC's Amazon business relationship for their personal gain, in order to gain an unfair competitive advantage on the Amazon marketplace.

47. Noco's actions were done without any privilege or other valid reason.

48. Noco's actions actually caused the business relationship between Amazon and OJC to be suspended on February 2, 2020.

49. Noco's tortious interference caused significant monetary harm to OJC.

WHEREFORE, Plaintiff OJC seeks damages, special damages, consequential damages, punitive damages, together with court costs, interest, and any other relief this Court deems just and proper.

**COUNT III - Ohio Deceptive Trade Practices (O.R.C. § 4165.02)**

50. OJC repeats and reallege paragraphs 1 through 34, as it fully set forth herein.

51. Noco's false Counterfeit Claims and disparagement of OJC's goods by false representation of fact with Amazon is a deceptive trade practice, in direct violation of O.R.C. § 4165.02(A)(10).

52. Noco's false Counterfeit Claims were performed in the course of its trade, business, vocation, occupation, and/or commerce.

53. Noco willfully engaged in and submitted its false Counterfeit Claims and disparagement of OJC's goods by false representation of fact to Amazon knowing them to be deceptive.

54. Noco's deceptive trade practice caused monetary harm to OJC.

WHEREFORE, Plaintiff OJC seeks its monetary damages, the costs of the action, and reasonable attorney's fees, and injunctive relief including the barring of Noco from filing any future false claims concerning OJC, as provided by O.R.C. § 4165.03.

OJC DEMANDS A TRIAL BY JURY FOR ALL ISSUES TRIABLE BY RIGHT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 2, 2021, I caused the foregoing documents to be served on all counsel of record via the CM/ECF system.

    Respectfully submitted,

    By: s/Aaron W. Davis
    Aaron W. Davis
    *Admitted Pro Hac Vice*
    VALHALLA LEGAL, PLLC
    204 W. 7th St., PMB 222
    Northfield, MN 55057
    Phone: (763) 957-2397
    davis@valhallalegal.com

    Shlomo Y. Hecht
    *Admitted Pro Hac Vice*
    Shlomo Y. Hecht, P.A.
    3076 N Commerce Parkway
    Miramar, FL 33025
    Phone: 954-861-0025
    Email: sam@hechtlawpa.com

    *Attorneys for Defendant OJ Commerce, LLC*