UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| NOCO COMPANY, | : | CASE NO. 1:19-cv-02298 |
|  | : |  |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Docs. 37, 38] |
| v. | : |  |
|  | : |  |
| OJCOMMERCE LLC, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff NOCO Company manufactures and sells batteries, portable power devices, and related products.[1]  Defendant OJCommerce LLC, an online retailer, sold NOCO products on OJCommerce.com and Amazon.com.[2]

NOCO sues OJCommerce, seeking a declaratory judgment that OJCommerce is not authorized to sell NOCO products or use NOCO trademarks.  In addition, NOCO requests the Court permanently enjoin OJCommerce from selling NOCO products without NOCO's consent.[3]  In response, OJCommerce countersues NOCO for defamation, tortious inference with a business relationship, and Ohio deceptive trade practices.[4]

Now, NOCO moves for summary judgment on OJCommerce's counterclaims.[5]  Likewise, OJCommerce moves for summary judgment on NOCO's claim.[6]

---

[1] Doc. 34.
[2] Doc. 36.
[3] Doc. 34.
[4] Doc. 36.
[5] Doc. 37.
[6] Doc. 38.

Case No. 1:19-cv-02298
GWIN, J.

For the following reasons, the Court **GRANTS** Plaintiff's summary judgment motion,

and **GRANTS** Defendant's summary judgment motion.

I.     Background

Plaintiff NOCO sells its batteries, portable power devices, and related products direct-

to-consumer and to authorized resellers.[7]  NOCO authorized resellers agree to sell only to

retail customers.[8]

In May 2018, NOCO discovered that Defendant OJCommerce was selling NOCO

products on Amazon.com and OJCommerce.com.  OJCommerce is not a NOCO authorized

reseller.[9]

In late 2019 and early 2020, NOCO complained to Amazon about OJCommerce.

NOCO accused OJCommerce of intellectual property infringement.  Further, NOCO may

have accused OJCommerce of selling counterfeit goods.[10]  In response, Amazon asked

OJCommerce to provide documentation to establish OJCommerce was selling genuine

NOCO products.[11]

Around the same time, another company, Emson, also complained to Amazon about

OJCommerce.  With its complaint to Amazon, Emson accused OJCommerce of selling a

product that infringed on an Emson patent.[12]

---

[7] Doc. 34.
[8] Doc. 34-1.
[9] As it turns out, a NOCO authorized reseller was selling NOCO products to OJCommerce.
NOCO has since terminated its business relationship with the offending authorized reseller.
[10] In some emails Amazon sent to OJCommerce, Amazon classifies the alleged infringement
type as "counterfeit."  *See, e.g.*, Doc. 36-1.  However, neither party has filed a copy of NOCO's
complaints to Amazon.  Therefore, the Court cannot determine whether NOCO reported to Amazon
that OJCommerce was selling counterfeit goods.
[11] *See, e.g.*, Doc. 36-1
[12] *See* Doc. 36-10.

Case No. 1:19-cv-02298
GWIN, J.

Subsequent to the NOCO and Emson complaints, in February 2020, Amazon temporarily deactivated OJCommerce's account and removed all OJCommerce product listings.[13]  Amazon later reinstated OJCommerce.[14]

Plaintiff NOCO sues Defendant OJCommerce,[15] seeking a declaratory judgment that OJCommerce "has no right or authorization" to sell NOCO products based on NOCO's authorized reseller contract and federal trademark law.[16]  NOCO also asks the Court to permanently enjoin OJCommerce from selling NOCO products and using NOCO trademarks without NOCO's consent.[17]

In response, Defendant OJCommerce countersues NOCO for defamation, tortious inference with a business relationship, and Ohio deceptive trade practices.[18]  OJCommerce claims that when NOCO complained to Amazon that OJCommerce was selling counterfeit products, NOCO knew that OJCommerce was selling genuine NOCO goods.[19]

Presently before the Court are the parties cross-motions for summary judgment.[20]

---

[13] Doc. 36-10.

[14] Doc. 37-11 at 80.

[15] Initially, Plaintiff NOCO sued two Defendants, OJCommerce LLC and OJCommerce.com, Inc., claiming unfair competition, tortious inference with contract, trademark infringement, trademark dilution, and Ohio deceptive trade practices.  NOCO sought a declaratory judgment, a permanent injunction, and damages.  Doc. 1.

Defendants moved to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim.  Doc. 6.

The Court granted in part and denied in part Defendants' motion to dismiss.  The Court dismissed Plaintiff NOCO's unfair competition, trademark infringement, and Ohio deceptive trade practices claims based on the first sale doctrine.  Doc. 12.

Subsequently, the Court granted Plaintiff's motion for leave to file an amended complaint. Doc 33.

[16] Doc. 34.

[17] *Id.*

[18] Doc. 36.

[19] *Id.*

[20] Docs. 37, 38.

Case No. 1:19-cv-02298
GWIN, J.

## II.    Discussion

A court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21]  "A factual issue is genuinely in dispute if a reasonable factfinder could resolve [the factual issue] either way."[22]

In evaluating a motion, a court will "view the evidence in the light most favorable to the non-moving party."[23]  However, "[t]he moving party is entitled to summary judgment when the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."[24]

### A.  Plaintiff NOCO Is Entitled to Summary Judgment in Its Favor on Defendant OJCommerce's Counter-claims for Defamation, Tortious Interference with a Business Relationship, and Ohio Deceptive Trade Practices.

According to Defendant OJCommerce, Plaintiff NOCO complained to Amazon that OJCommerce was selling counterfeit NOCO products even though NOCO knew OJCommerce was, in fact, selling genuine NOCO goods.[25]  OJCommerce claims NOCO's conduct amounts to defamation, tortious interference with a business relationship, and Ohio deceptive trade practices.[26]

---

[21] Fed. R. Civ. P. 56(a).
[22] _Jordan v. Howard,_ 987 F.3d 537, 542 (6th Cir. 2021).
[23] _Goodman v. J.P. Morgan Inv. Mgmt., Inc.,_ 954 F.3d 852, 859 (6th Cir. 2020) (citing _Lossia v. Flagstar Bancorp, Inc.,_ 895 F.3d 423, 428 (6th Cir. 2018)).
[24] _Goodman,_ 954 F.3d at 859 (quoting _Celotex Corp. v. Catrett,_ 477 U.S. 317, 322 (1986)).
[25] Doc. 36.
[26] _Id._

- 4 -

Case No. 1:19-cv-02298
GWIN, J.

To prevail on its counterclaims, OJCommerce must prove that NOCO proximately caused its injury—i.e. that Amazon removed OJCommerce because of the NOCO complaints.[27]

NOCO argues that OJCommerce cannot make a sufficient showing to establish that Amazon temporarily suspended OJCommerce because of the NOCO complaints.[28]

In response, Defendant OJCommerce points to two emails from Amazon.[29] OJCommerce contends these emails demonstrate that Amazon deactivated OJCommerce because NOCO complained about OJCommerce to Amazon.[30]

In the first email, from January 29, 2020, Amazon warned OJCommerce that if OJCommerce did not submit a valid plan of action to address a NOCO complaint within 72 hours, Amazon would deactivate OJCommerce's account.[31]  In the second email, from February 2, 2020, Amazon notified OJCommerce that it had deactivated OJCommerce's account because OJCommerce had not submitted a valid action plan to address two notices of complaint—one January 11, 2020, complaint notice regarding NOCO and one January

---

[27] Causation is an essential element of defamation, tortious inference with a business relationship, and Ohio deceptive trade practices claims.  *See Sky v. Van Der Westhuizen*, 136 N.E.3d 820, 831 (Ohio Ct. App. 2019) ("When a statement is defamatory *per quod*, a plaintiff must plead and prove special damages.  Special damages are those direct financial losses resulting from the plaintiff's impaired reputation.") (citations and quotation omitted); *Wolf v. McCullough-Hyde Mem'l Hosp.*, 586 N.E.2d 1204, 1208 (Ohio Ct. App. 1990) ("The basic principle of a 'tortious interference' action is that one, who is without privilege, induces or purposely causes a third party to discontinue a business relationship with another is liable to the other for the harm caused thereby."); Ohio Rev. Code § 4165.03 ("A person who is injured by a person who commits a deceptive trade practice . . . may commence a civil action to recover actual damages[.]"); *Torrance v. Rom*, 157 N.E.3d 172, 189 (Ohio Ct. App. 2020) ("To warrant 'actual damages,' the plaintiff-person need only establish an injury was proximately caused by a person who commits a deceptive trade practice[.]").

[28] Doc. 37 at 12–14.

[29] Though NOCO did not object, the Court is skeptical as to the admissibility of these emails.

[30] Doc. 43 at 12–15.

[31] Doc. 14-8.

Case No. 1:19-cv-02298
GWIN, J.

14, 2020, complaint notice regarding a patent infringement complaint made by another company called Emson.[32]

Contrary to OJCommerce's assertions, these emails are insufficient to establish that Amazon temporarily removed OJCommerce because of the NOCO complaint.

The Amazon deactivation email is subject to three possible interpretations: that Amazon deactivated OJCommerce because of (1) the NOCO complaint, (2) the NOCO and Emson complaints together, or (3) the Emson complaint.

In surmising Amazon's deactivation motivation, the Emson patent claim more likely impacted Amazon's decision. Under patent law, "whoever without authority makes, uses, offers to sell, or sells any patented invention . . . infringes the patent."[33] The Patent Act creates direct infringement for making, using, or selling the invention. Liability is strict and does not consider the infringer's intent, knowledge, negligence, or even awareness.

Without other evidence or testimony from Amazon, there is no basis for a reasonable factfinder to determine that Amazon acted on the NOCO complaint or the NOCO and Emson complaints, as opposed to the Emson complaint alone.

Accordingly, there is no genuine issue of material fact as to causation. NOCO is entitled to judgment in its favor on OJCommerce's counterclaims as matter of law.

### B. Defendant OJCommerce Is Entitled to Summary Judgment in Its Favor on Plaintiff NOCO's Declaratory Judgment and Injunctive Relief Claim.

#### 1. NOCO's Declaratory Judgment Claim

Plaintiff NOCO seeks a declaratory judgment that under its reseller agreement and federal trademark law, Defendant OJCommerce "has no right or authorization to sell NOCO

---

[32] Doc. 36-10.
[33] 35 U.S.C. § 271.

Case No. 1:19-cv-02298
GWIN, J.

products or use its trademarks in commerce" and that OJCommerce has violated NOCO's

trademark rights.[34]

Under Ohio law, "any person interested under a . . . written contract . . . or any

person whose rights, status, or other legal relations are affected by a . . . statute . . . may have

determined any question of construction or validity arising under the . . . statute . . . [or]

contract . . . and obtain a declaration of rights, status, or other legal relations under it."[35]

OJCommerce argues NOCO cannot establish it is entitled to relief under the Ohio

declaratory judgment statute.[36]

OJCommerce is undoubtedly correct.

NOCO is not entitled to a declaratory judgment against OJCommerce based on its

reseller agreement with another party.  OJCommerce is not a signatory to the contract and

the agreement does not place any obligations on OJCommerce.

Accordingly, the Court cannot declare that NOCO has any rights against

OJCommerce under the contract.[37]

Likewise, NOCO is not entitled to a declaratory judgment against OJCommerce based

on federal trademark law.  NOCO has not established that OJCommerce committed

trademark infringement or trademark dilution.  It is not enough that OJCommerce sold

---

[34] Doc. 42 at 7; Doc. 34 at 4.
[35] Ohio Rev. Code § 2721.03.
[36] Doc. 38.
[37] *See NA Ins. Serv. Holding Corp. v. HILB Grp. of Indiana, LLC*, No. 4:17CV600-ALM-KPJ, 2017 WL 5476797, at *3 (E.D. Tex. Oct. 23, 2017) (finding, based on a nearly identical Texas declaratory judgment statute, that a claim for a declaratory judgment "must fail" when there is no contract between the parties).

Case No. 1:19-cv-02298
GWIN, J.

NOCO goods without NOCO's permission.  Trademark infringement[38] and dilution[39] have specific elements, and NOCO has not offered evidence to prove them.

Accordingly, the Court cannot declare that OJCommerce violated NOCO's trademark rights.

### 2.  Plaintiff NOCO's Permanent Injunction Claim

Plaintiff NOCO also asks the Court to permanently enjoin Defendant OJCommerce from "using NOCO's Trademarks or listing NOCO products for sale without authorization."[40]

Before a court may grant a permanent injunction, a plaintiff must show actual success on the merits.[41]

OJCommerce argues NOCO cannot establish it is entitled to a permanent injunction.[42]

Again, OJCommerce is correct.

NOCO is not entitled to a permanent injunction, because it has not succeeded on the merits—i.e. it has not established that OJCommerce violated its trademark rights.

---

[38] "A party proves trademark infringement by showing (1) that it owns a trademark, (2) that the infringer used the mark in commerce without authorization, and (3) that the use of the alleged infringing trademark 'is likely to cause confusion among consumers regarding the origin of the goods offered by the parties.'" *Coach, Inc. v. Goodfellow*, 717 F.3d 498, 502 (6th Cir. 2013).

[39] "To succeed in a federal dilution claim: [T]he senior mark must be (1) famous; and (2) distinctive.  Use of the junior mark must (3) be in commerce; (4) have begun subsequent to the senior mark becoming famous; and (5) cause dilution of the distinctive quality of the senior mark." *AutoZone, Inc. v. Tandy Corp.*, 373 F.3d 786, 802 (6th Cir. 2004).

[40] Doc. 42 at 7.

[41] *See Amoco Prod. Co. v. Vill. Of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987).

[42] Doc. 38.

- 8 -

Case No. 1:19-cv-02298
GWIN, J.

### III.    Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's summary judgment motion,

and **GRANTS** Defendant's summary judgment motion.


IT IS SO ORDERED.


Dated:  May 5, 2021                              *s/      James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE